IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD GENE BLANTON, #1307891, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:22-CV-1411-B-BK |
| DIRECTOR, TDCJ-CID DEFENDANTS. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

In 2005, Donald Gene Blanton was convicted of possession of cocaine and tampering with evidence and was sentenced to 20 years' and life imprisonment, respectively. *Blanton v. State*, Nos. 23,078-86 and 23,592-86 (86th Jud. Dist. Ct., Kaufman Cnty., Tex. 2005). He unsuccessfully sought state and federal habeas relief, and the Court of Appeals for the Fifth Circuit denied him leave to file three successive habeas petitions. *See Blanton v. Davis*, No. 3:17-CV-1453-G (BH), 2017 WL 2729106, at *1 (N.D. Tex. June 5, 2017), *R & R adopted*, 2017 WL 2719351 (N.D. Tex. June 23, 2017) (summarizing filing history), *leave to file denied*, No. 17-10714, Civ. Doc. 17 (5th Cir. Aug. 14, 2017). As a result of his repetitive successive

petitions, the Court of Appeals also ordered Blanton to pay a sanction of $100, which remains unpaid, and barred him "from filing in this court or any court subject to this court's jurisdiction any challenge to his instant convictions until the sanction is paid, unless he obtains leave of the court in which he seeks to file such challenge." Civ. Doc. 17 at 2-3.

On June 30, 2022, Blanton filed—without obtaining leave of Court—a pleading titled *Criminal Complaint Filed Against Texas Court of Criminal Appeals Chief Judge Sharon Keller, 18 U.S.C. § 1001*, which appears to be an attempted end-run around the Fifth Circuit's sanction order. *See* Doc. 2. Blanton asserts scurrilous and delusional allegations against Judge Keller. He contends she participated in a "criminal forgery scandal against [Blanton] who is a totally actually innocent man in prison . . . ." Doc. 2 at 1. Blanton avers that Keller knew that a February 27, 2019 Motion for Leave to File Original Application for Writ of Habeas Corpus was forged. Doc. 2 at 4-5. As such, he argues she violated the U.S. Constitution and 18 U.S.C. § 1001. Blanton requests that the Court issue an order to the Texas Court of Criminal Appeals and Judge Keller to (1) "submit a sworn affidavit responding to [his] claims of her having knowledge that [Blanton] is a[n] actually innocent man in prison and Judge Keller knew the February 27, 2019 Motion for Leave to File the Original Application for Writ of Habeas Corpus [was] a forgery against [Blanton] [in] violation of 18 U.S.C. § 1001," and (2) mail him a copy of the February 27, 2019 Motion for Leave to File. Doc. 2 at 7-8.

Blanton has unsuccessfully filled other letter complaints raising similar scurrilous and delusional allegations against judges of this Court, the Court of Appeals for the Fifth Circuit, and the Texas Supreme Court, which essentially challenged only his underlying conviction in violation of the Fifth Circuit sanction order. *See Blanton v. Solis*, No. 3:21-CV-291-D-BK, 2021 WL 1147587, at *1 (N.D. Tex. Feb. 18, 2021), *R. & R. adopted*, No. 3:21-CV-0291-D, 2021 WL

1139407 (N.D. Tex. Mar. 25, 2021); *Blanton v. Director*, No. 3:22-CV-336-G-BK, 2022 WL 1491358, at *1 (N.D. Tex. Apr. 21, 2022), *R. & R. adopted*, No. 3:22-CV-0336-G-BK, 2022 WL 1488440 (N.D. Tex. May 11, 2022).

Upon review, Blanton's complaint is again frivolous, lacking in any legal or factual basis, and should be dismissed *sua sponte*.

**II. ANALYSIS**

Because Blanton did not pay the filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis*. As such, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A)(b).[1] Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf*. FED. R. CIV. P. 8(e)

---

[1] Because Blanton seeks, in part, mandamus relief stemming from state habeas proceedings, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (holding petition for writ of mandamus that arose from post-conviction habeas application was not subject to fee payment requirements of § 1915(b)).

("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Blanton's complaint is utterly frivolous and fails to state a claim.

To the extent Blanton alleges criminal law violations in this Court, his request lacks any legal basis. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Blanton has pled nothing that would even come close to meeting that burden. *See also Williams v. Cintas Corp.*, No. 3:07-CV-0561-M, 2007 WL 1295802, *2 (N. D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury in federal court and no private right of action for civil perjury under Texas law), *R. & R. accepted*, 2007 WL 1300780, at *1 (N. D. Tex. May 02, 2007). Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Likewise, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam). Blanton's complaint can be construed only to seek mandamus relief against Judge Keller and the Texas Court of Criminal Appeals by compelling them to provide an affidavit relating to his innocence and copies of pleadings filed in that court. Accordingly, Blanton's request for

mandamus relief lacks merit and should be dismissed with prejudice as frivolous and for failure to state a claim. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

In sum, Blanton fails to state a cognizable claim or anything that can be construed as such.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Blanton's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, he could allege cogent and viable legal claims. Under these circumstances, the Court can only conclude that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

### IV. SANCTION AND THREE-STRIKE WARNING

Given his filing history and the dismissal of prior related actions as frivolous and for failure to state a claim, Blanton should be warned that if he persists in filing frivolous, baseless or duplicative actions, or actions over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any

provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Further, the "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)).

### V. CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). In addition, Blanton should be **WARNED** that if he persists in filing frivolous or baseless civil actions, the Court may impose monetary sanctions and/or bar him

from filing any future lawsuits.  *See* FED. R. CIV. P. 11(b)(2) and (c)(1); 28 U.S.C. § 1915(g).

**SO RECOMMENDED** on August 4, 2022.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).